EMILY F. DINGLEY, Appellant, v. ISIDORE M. BON, Respondent.

*Supreme Court, Second Department, General Term, February 10, 1890.*

1. *Specific performance.   Title.*—Specific performance of a contract for the
   sale of real property will not be decreed, where the title is plainly
   doubtful and unmerchantable.
2. *Same.*—A deed, which recites prior conveyances by the grantor of portions of the premises without specifically describing them and the
   taking back of purchase-money mortgages therefor, and conveys the
   premises and assigns the mortgages, so that the grantee shall stand in
   the place and stead of the grantor, does not convey a marketable title.

Appeal from judgment dismissing complaint.

Action for specific performance of a contract for the sale
of land.

The trial court found that one Peter A. Delmonico conveyed the premises described with others to Henry Jukes
and Job Gothard; that said Jukes and Gothard executed,
acknowledged and delivered to James Hordern two deeds of
said premises, each of which contained the following clauses:

"And whereas, the said Henry Jukes and Job Gothard
afterwards by deed sold and conveyed certain portions of the
entirety of the premises hereinafter described to John Langston, Jubal Shaw, and Samuel Bailey, by separate deeds of
conveyances, and took back from the said John Langston,
Jubal Shaw, and Samuel Bailey, severally, bonds and mortgages for the respective payments of the several sums therein mentioned as securities, and for the purchase moneys
thereof, reference to the several deeds being thereunto had,
will more fully appear; and,

"Whereas, the party of the second part has agreed to pur-

chase of the said Henry Jukes in the one case and of the said Job Gothard in the other, his portion of the entirety of the premises hereinafter mentioned, subject, however, to the several equities aforesaid." * * *

" Nevertheless, it is hereby understood by and between the parties hereto, that the said Henry Jukes in the one case, and Job Gothard in the other, as far as in him lies, not only conveys his right, title and interest in and to the premises aforesaid, but hereby sells, assigns and confirms unto the said James Hordern, all and singular, the said bonds and mortgages (as far as the moiety of his interest in the premises aforesaid attaches) made by the said John Langston, Jubal Shaw, Samuel Bailey, to him the said Henry Jukes and the said Job Gothard for security on their said several purchases of portions of the property aforesaid, and all his right and interest therein and thereto, so that the said James Hordern shall stand in every respect and particular regarding the aforesaid property in the place and stead and with the rights and title therein of the said Henry Jukes and Job Gothard ; " that the interests of said Langston, Shaw and Bailey have never been released ; that the instruments fail to disclose and properly describe the particular portions conveyed to them ; that the deeds purported to convey to Hordern certain premises not theretofore conveyed to said Langston, Shaw and Bailey, and no other ; that they do not purport to convey the absolute fee simple free and clear, but only " so that the said James Hordern shall stand in every particular regarding the aforesaid property in the place and stead and with the rights and title therein of the said " Jukes and Gothard ; that plaintiff has no title, except such as comes through such deeds ; that the lands are uninclosed and vacant, and that neither plaintiff nor her predecessors have ever been in actual possession, and as conclusion of law found that the deeds from Henry Jukes and Job Gothard, above referred to, gave notice to the defendant of outstanding claims, titles, mortgages or interests in the lands described in the com-

plaint in persons other than the plaintiff; that the defendant is unable to ascertain whether any or what part of the land described in the complaint has been conveyed to John Langston, Jubal Shaw and Samuel Bailey; that the notice contained in the conveyances aforesaid constitutes a cloud upon the title of the plaintiff; that the plaintiff has acquired no title by prescription to the said land; that the plaintiff's title is questionable; that the defendant properly claims that the words " subject, however, to the several equities aforesaid " contained in the deeds to James Hordern, above mentioned, are inconsistent with the claim that the said deeds conveyed the fee simple absolute, free and clear; that the title is not free from doubt, and that the notice contained in the conveyances aforesaid may be a hindrance in the disposition of the property or in mortgaging it; that John Langston, Jubal Shaw and Samuel Bailey may have some outstanding equity in some portion of the land described in the complaint; and that the defendant is entitled to judgment, that the contract be canceled and that the plaintiff repay the sum of $100 paid by the defendant, together with the expenses paid by the defendant, to wit, the sum of $122.30, with interest on both said sums from January 16, 1889, and that the plaintiff pay the costs of this action,             dollars to the defendant.

*Herman F. Kœpke*, for appellant.

*A. E. Lamb*, for respondent.

DYKMAN, J.—We think the judgment from which this appeal is taken should be affirmed.

The action is for the specific performance of a contract for the sale of real property, and the trial judge has found facts which make the title plainly doubtful and unmerchantable, and his findings are all well sustained.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurs.